## No. 7983.

### STATE OF LOUISIANA VS. WM. W. BEASLEY.

The accused, having accepted a juror and gone to trial without objection, cannot, after conviction, raise the question of the legality of the drawing whereby said juror was selected as a talesman.

APPEAL from the Superior Criminal Court, parish of Orleans. *Whitaker*, J.

J. C. Egan, Attorney General, for the State, Appellee.

It is too late, after accepting a juror and after judgment, to move for a new trial on the ground of the incompetency of a juror.

Jas. C. Walker for Defendant and Appellant.

A new trial should be granted where a bill of exceptions establishes the

truth ·of the fact that on a trial for murder, in the parish of Orleans, the names of the talesmen were drawn from the jury wheel by an unauthorized stranger and not by the sheriff or his deputy, as the order of the judge and the law required.

---

The opinion of the Court was delivered by

LEVY, J.   The defendant was indicted for the crime of murder, was tried by a jury, convicted of manslaughter, and by judgment of the Superior Criminal Court of the parish of Orleans, sentenced to twenty years' imprisonment at hard labor in the State penitentiary.

After the rendition of the verdict, defendant filed a motion and supplemental motion for a new trial, on the grounds in the original motion that " the verdict is against the law and evidence ; that the jury disregarded the charge of the court in not giving the accused the benefit of reasonable doubt ; that the case being one of circumstantial evidence, and there being no evidence adduced tending to show any collision between the accused and the deceased, the verdict was manifestly the result of conjecture, and is not based on legal evidence ;" and that "the verdict of manslaughter was manifestly a compromise verdict, the result of doubts in the minds of the jurors, to which the prisoner was entitled, and which should have operated to his acquittal, and of the benefits of which he was deprived." Those set forth in the supplemental motion are :  " That, whereas, as appears from the minutes of the court, it was ' ordered that the criminal sheriff or one of his lawful deputies draw the names of twenty tales jurors from the jury wheel, and that said jurors be summoned to attend before the court forthwith ;' and although the names of twenty tales jurors were drawn from the jury wheel and were presented to the defendant to serve as jurors, one of whom was sworn and served as a juror on the trial of this cause, yet not one of the names of the twenty tales jurors so ordered to be drawn as aforesaid was drawn from the jury wheel by the criminal sheriff or any one of his lawful deputies, but they were all drawn from the jury wheel by a third person, other than the ' criminal sheriff or any one of his lawful deputies,' without any warrant in law, and in violation of the positive order of the Court ; " and in support of these allegations in this motion, the affidavits of Waugh and Clark, two of the lawful deputies of the criminal sheriff, who were present when one J. C. Potts actually drew the twenty names from the wheel, are attached to and made part of said motion.  The court ·a qua overruled the motions, to which ruling the defendants took a bill ·of exceptions.

The only ground presented by the defendant which merits consideration is that touching the alleged irregularity or illegality in drawing the names of the talesmen.  The reasons urged in the original motion

are not pressed by the counsel of defendant in his brief, and if they were could not be deemed by us sufficient to justify us in overruling the action of the judge *a quo* in refusing a new trial, the application for which was based on these reasons. The sound discretion vested in him seems to us to have been wisely exercised in regard thereto. Nor do we think that the reasons presented in the supplemental petition and bill of exceptions can prevail with us. It is too late for the defendant, after having accepted the juror and gone to trial without any objection, now, to raise the question as to the legality of the drawing whereby he was selected as a talesman. To establish a different rule would be counter to well-settled jurisprudence, determined by frequent decisions of the Supreme Courts of our own and other States of the Union. In State vs. Turner, 6 A. 310, it was held that, "a motion in arrest of judgment, or for a new trial, will not be sustained upon the ground that one of the grand jurors who found the indictment was one of the jurors who tried the case. The objection would have constituted a good ground of challenge, but could not avail after verdict." In a like case it was so held in South Carolina ; and in the same State, that an alien having sat upon the trial, although incompetent by law, it was not a sufficient reason for granting a new trial, inasmuch as he was not challenged. 2 Bay's R. 152. The same principle was maintained by the Supreme Court of Pennsylvania, viz., that alienage might have been a cause of challenge before the juror was sworn, but that advantage could not be taken of it after verdict. 4 Dallas, 354 ; 5 Binney 348. See also 17 Johnson (N. Y.) R. 133.

A somewhat analogous case is presented in State vs. Kennedy, 8 Rob. 596. There the Court said : " Our act requires a residence of twelve months prior to the formation of a *venire* as one of the qualifications of a juror. The juror had not acquired this residence and therefore could not have been legally drawn or presented to the accused. The want of residence is not an exception which the juror alone can plead, but a defect of which the accused may, at the proper time, avail himself. The law requires this term of residence in order that the juror may acquaint himself with the laws and institutions of the State and incorporate and identify himself with its people before he shall be permitted to sit in judgment upon their lives and property. The objection, however, comes too late. It should have been made when the juror was offered to the accused. 1 Chitty, 545, 546." 21 A. 546 ; 28 A. 794.

The judgment appealed from is affirmed with costs.