BREAUX, C. J.
The defendant was charged with having taken the life of Lilly Me-Morris in June, 1910. She was indicted upon that charge. A short time thereafter she was found guilty of manslaughter and condemned to serve five years in the penitentiary. From the verdict and sentence, she has perfected this appeal.
There was some delay before trial, as the case was only tried last December. She was arraigned in October, 1910. In May, 1912, some time prior to her trial, her case was called. She was not in court. Her presence was procured by attachment. She was fined. Twice before that the case was continued on motion of the state.
On the day set to try defendant’s ease, two jury cases were called for trial. The witnesses had been examined, counsels’ argument heard, and these juries had retired to their respective rooms of deliberation to pass upon the case. When the third case, the one now before us for decision, was called in the district court for trial, counsel for defendant objected because there were only four regular jurors left on the venire list for the week. The court overruled the objection, and counsel reserved a bill of exception on the ground that the court was without authority in law to compel defend *204 ant to be tried át the time her case was called, as it would have to be tried before talesmen almost exclusively. The court having overruled counsel’s objection to going to trial, there remained nothing to do save to proceed with the trial. The impaneling of the jury was ordered, and four jurors were examined. Two of the number were accepted to serve on the jury; the other two were discharged by order of the court, as they had not been accepted. As there were no other jurors drawn to serve that week, the court ordered fifteen talesmen, who reported, and the impaneling of the jury had been proceeded with a short time when the jury in one of the eases, to wit, State v. Brooks, returned into court with its verdict, which was spread upon the minutes. At that stage of the case, the court stopped the selecting of a jury from talesmen and ordered that the selection be made from the 12 jurors who had just returned into court. From the number of these jurors, the jury was not completed. The court then turned its attention again to selecting a jury from the 15 talesmen. Ten jurors altogether were accepted and sworn. There w^re two tales-men being examined on their voir dire. At that moment the jury which had been considering another criminal case, to wit, the case of State v. Neeland, having reached a conclusion, returned into court and made a report, which was that the accused was not guilty. This caused a slight commotion in court. The district judge informs us that he discharged the jury after it had returned its verdict in the Neeland Case; that counsel for the defendant did not object to the discharge of the jury. The court went on with the examination of the talesmen. The list having become exhausted, another list of talesmen was ordered. This took about one and a half or two hours; that the jury was impaneled, and no objection made to the order of the court discharging the jury (in the Neeland Case); that, after the jury had been completed and the district attorney had read the indictment, counsel for defendant urged an objection to the panel in the case of his client, as drawn, because the jury in State v. Neeland had been illegally discharged, as he contended. The court states that this motion was made about two hours after the jury had been discharged. At the same time counsel asked to have the facts noted to serve in reserving a bill of exceptions. The court refused. The counsel reserved a bill of exception to the court’s ruling. The trial judge states, as part of the bill of exception, that he did not grant the motion to note down the facts to be attached to a bill of exception, because no bill of exception had been reserved, and that in this respect counsel was in error; that no bill of exception had been taken by counsel at the time that he ordered the jury in the Neeland Case to be discharged; that, if counsel had timely objected to the discharge of the jury, he would have recalled the jury; that the jurors were still in court, and it would have been an easy matter to recall them and have them examined on their voir dire; but that nothing of the kind was done.
[1] The defendant complains of undue haste in the trial. The objection is not sustained either by the law or the facts. Courts are intrusted with sufficient discretion to enable them to reasonably expedite the trial of cases. Doubtless there were other cases before the court which the court deemed of importance to hear and decide.
If the district court anticipates that the regular panel will be exhausted, it may direct the sheriff to summon talesmen.
[2] In this case, talesmen were not summoned before the necessity arose for summoning them. The defendant, owing to one reason or another, did not have the opportunity to select jurors from the 12 jurors of the regular panel, who had been discharged. She is entitled to no relief.
*206 Counsel urged that he was called aside by a stir in court. This stir or commotion, whatever it was, when the jury reported the verdict of acquittal in the Neeland Case (Nee-land was represented by counsel who is counsel here), was, we take it, of no importance. The whole thing was a mere passing incident which afforded no good ground for counsel’s absence to another part of the courtroom at the particular moment. Conceding that it was as counsel states (that it was present at the bar), when he returned to the bar he could have raised the objection is the statement of the trial judge, forming part of the bill of exception taken. The incident,3 referred to as having called attention to something else than the trial, even if properly before us, are not of sufficient importance to justify us in setting aside the verdict. The statement of the trial judge before us is ample justification of the conclusion that defendant has concluded herself by not timely objecting. Talesmen had been selected without objection, and the case opened before the jury. State v. Watkins, 106 La. 380, 31 South. 10; State v. Beasley, 32 La. Ann. 1162.
The defendant, through counsel, has reserved a lengthy bill of exception. That part containing facts properly before the court was considered carefully. The different incidents related are not serious and important enough to justify reversal. To say the least, there was no prejudicial error committed.
[3] Defendant, through counsel, asked the permission of the court to note facts of the case in order to annex a copy to a bill of exceptions. The court refused the request, holding that no bill of exceptions had been timely taken, and the objection had not been timely urged. Two of the bills of exceptions bearing upon this point were not signed by the court; the court having declined to sign them on the ground that they had never been reserved. This is conclusive. We cannot go behind the statement of the court, particularly as no objection was made to the court’s ruling in refusing to sign the bills of exceptions. No attempt was made to offer the least proof or insist upon the signing of these bills of exceptions. The defense, not having sought to prove the contrary than just stated, and having sought no other remedy to obtain the signature of the presiding judge, must be held to only the one bill of exceptions which the trial judge signed.
Another objection is that the indictment was amended by a change in the name of the accused. This objection was raised in the motion for a new trial. No particulars are stated. It only appears in the statement before us that a motion was made by the district attorney to change the name from -to-. This objection has no merit, as well as others that are not sufficiently stated to entitle them to special consideration.
The case was evidently sensational. Defendant had taken the life of one of her sex. It doubtless excited attention and caused comment in the community. There was doubtless a difference of opinion about" the homicide. It is fortunately very seldom that one woman kills another. In such a case, the issues, although of not sufficient importance to be fatal to the verdict, will command attention, even though not regularly presented. We have considered the whole case in all of its details, and have arrived at the conclusion that the verdict ought not to be annulled. For reasons stated, the verdict and judgment of the court are affirmed.